IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENISE-BRADFORD: HOLMES,

        Plaintiff,

v.     No. 2:19-cv-00698-RB-GBW

GRANT COUNTY, NEW MEXICO,

        Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL AND
ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Defendant Grant County's Motion to Dismiss Plaintiff's Complaint with Prejudice, filed October 25, 2019 (Motion to Dismiss) (Doc. 10), Defendants Grant County, Villanueva and Mize's Amended Motion to Dismiss Plaintiff's Complaint Including the Plaintiff's Supplemental Pleading with Prejudice, filed December 1, 2019 (Amended Motion to Dismiss) (Doc. 17), and Defendants' Motion to Stay Proceedings Pending Outcome of County Defendants' Motion to Dismiss, filed January 28, 2020 (Motion to Stay) (Doc. 20).

**I.     Procedural Background**

Plaintiff, who is proceeding *pro se*, previously filed a complaint against Grant County Sheriff's Department and Defendants Villanueva and Mize claiming that they violated her rights when they arrested her and towed her car after discovering her driving without a license, registration, or car insurance. *See Holmes v. Grant Cty. Sheriff Dep't* (*Holmes I*), No. 2:18-cv-00189-JB-GBW. Plaintiff claimed "she is a foreign entity and a diplomat of 'Bradford Republic' and thus immune from enforcement of state laws." *Holmes I*, Doc. 42-1 at 2 (D.N.M. June 12, 2019). The Court dismissed *Holmes I* with prejudice on September 26, 2018.

Plaintiff later filed this case naming Grant County as the sole Defendant. (*See* Doc. 1.) After Defendant Grant County filed its Motion to Dismiss, Plaintiff filed an Amended Supplemental Pleading (Doc. 11) and returns of service (Docs. 13; 15) for former Sheriff Raul D. Villanueva and Corporal William Mize. Defendants then filed their Amended Motion to Dismiss on behalf of Grant County and on behalf of Mr. Villanueva and Corporal Mize to the extent that Plaintiff is asserting claims against Mr. Villanueva and Mr. Mize. Defendants also filed a Motion to Stay proceedings in this case pending a ruling on their Amended Motion to Dismiss.

## II.     Amended Motion to Dismiss

This case appears to arise from: (i) the events giving rise to *Holmes I* and (ii) from subsequent events occurring in February and March 2019, after the September 2018 entry of final judgment in *Holmes I*, including Plaintiff being arrested and ticketed for no driving license, no insurance and no registration, and having her car towed. (*See* Doc. 6. at 3–9.) Plaintiff, however, twice states this is the same case as her Previous Case. (*See id.* at 10 (after referring to her Previous being "Remanded" from the 10th Circuit Court of Appeals, states "it is still the same case; and states "Magistrate Judge Wormuth does not understand this is the same case" because he ordered Plaintiff to either pay the filing fee or file an application to proceed *in forma pauperis*).)

## II.     Claims in Plaintiff's Previous Case

Defendants assert that Plaintiff's claims are barred by the doctrine of *res judicata*.

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the

2

> two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

Plaintiff argues that *res judicata* does not apply because she did not assert claims pursuant to 42 U.S.C. § 1983 in *Holmes I* but has asserted claims pursuant to 42 U.S.C. § 1983 in this case. (Doc. 18 at 1.) Plaintiff's argument fails because 42 U.S.C. § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, (1979)).

Plaintiff also argues that this case is not barred by *res judicata* because it was filed pursuant to "Foreign State Privilege;" and *Holmes I* was not filed pursuant to "Foreign State Privilege." (Doc. 18 at 1.) She asserts that her claims are brought as a representative of a Foreign State under the statute that provides immunity from attachment and execution property of a foreign state and which provides:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

28 U.S.C. § 1609. This argument also fails because Plaintiff has not shown that she did not have a full and fair opportunity to litigate this claim in *Holmes I*. Furthermore, 28 U.S.C. § 1609 is part of the Foreign States Immunity Act ("FSIA") that "only confers immunity[;] . . . it does not provide any private right of action." *See Holmes I*, Doc. 31 at 11 (D.N.M. Sept. 26, 2018).

The Court dismisses as barred by the doctrine of *res judicata* those claims asserted in

3

*Holmes I*. Because it is granting Defendants' Amended Motion to Dismiss, the Court denies Defendants' original Motion to Dismiss and Motion to Stay as moot.

### III.   Plaintiff's New Claims

Plaintiff appears to assert claims based on her arrest and ticketing for driving without a license, insurance, or registration and for having her car towed in February and March 2019, after the September 2018 entry of final judgment in *Holmes I*.

The Court dismisses Plaintiff's claim that Section 1609 of the FSIA protects her property from seizure because the "FSIA only confers immunity[;] . . . it does not provide any private right of action." *See Holmes I*, Doc. 31 at 11.

The Court dismisses Plaintiff's claim that Defendant Mize violated the Double Jeopardy Clause of the Fifth Amendment because the events in February and March 2019 of which she complains are based on a second offense. *See United States v. Mier-Garces*, 967 F.3d 1003, 1012 (10th Cir. 2020) ("the Double Jeopardy Clause also provides a distinct protection for defendants who have been charged with violating the same statute more than one time when they have in fact only violated it once") (emphasis and citations omitted).

The Court dismisses Plaintiff's claim of a "violation of the U.S. Constitution at Article VI Section 2," because "the Supremacy Clause is not the source of any federal rights . . . and certainly does not create a cause of action." *See Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324–25 (2015) (the Supremacy Clause "instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so").

Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise

4

supplemental jurisdiction over Plaintiff's malicious prosecution and fraud claims brought under state law.

## IV. Court's Power to Impose Filing Restrictions

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

### A. Litigant's Abusive History

This is the third case that Plaintiff has filed seeking relief pursuant to the Foreign States Immunities Act, 28 U.S.C. § 1602 *et seq. See Holmes I*; *Holmes v. Town of Silver City*, No. 2:19-cv-00448 JAP-CG. Despite the Court twice informing Plaintiff that "FSIA only confers immunity[,] . . . it does not provide any private right of action," Plaintiff filed this action asserting claims pursuant to FSIA. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

5

B.     **Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*. The Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*, unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that she submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

C.     **Opportunity to Be Heard**

The Court grants Plaintiff an opportunity to show cause why the Court should not enter the proposed filing restrictions.

**IT IS ORDERED** that:

(i)   Defendants Grant County, Villanueva and Mize's Amended Motion to Dismiss Plaintiff's Complaint Including the Plaintiff's Supplemental Pleading with Prejudice (Doc. 17) is **GRANTED.** This case is **DISMISSED with prejudice.**

(ii)  Defendant Grant County's original Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 10) is **DENIED as moot.**

(iii) Defendants' Motion to Stay Proceedings Pending Outcome of County Defendants' Motion to Dismiss (Doc. 20) is **DENIED as moot.**

(iv)    Within 14 days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to ten pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect 14 days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE